**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Young Champions Recreation Programs Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Toop Sports Incorporated, et al.,<br><br>Defendants. | No. CV-14-02142-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff's *Ex Parte* Application for Temporary Restraining Order and Motion for Preliminary Injunction Regarding Trademark, Service Mark and Copyright Infringement (Doc. 4).

"Someone seeking a preliminary injunction must demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Nat'l Meat Ass'n v. Brown*, 599 F.3d 1093, 1097 (9th Cir. 2010) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)), *rev'd on other grounds*, 132 S. Ct. 965 (2012). The Application fails to allege an adequate likelihood of irreparable harm to carry Plaintiff's burden. Plaintiff asserts "it is anticipated that a large shipment of unlicensed Young Champions merchandise…is about to be released to customers throughout the United States." Doc. 4 at 4. But Plaintiff neither explains the basis for this belief nor provides any information about when, exactly, this shipment is set to leave the warehouse. Nothing in Plaintiff's Application reveals whether the goods that

are "about to" be released will ship a week from now, a month from now, or at some point further in the future. A bare, conclusory assertion that "the harm to Plaintiff [from the shipment] will be imminent, irreparable and incapable of remedy solely by money damages," *id.* at 17, is insufficient.

The facts alleged in the Application also do not justify the issuance of an order ex parte. A court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). For the reasons explained above, Plaintiff cannot satisfy subpart (A) of this rule. As for subpart (B), Plaintiff's counsel states in his Declaration that, based on his experience in similar cases, Defendants' past conduct—including their "refusing to disclose the identity of where the Goods are made" and their unwillingness to assist Plaintiff in vetting Defendants' manufacturing process—leads him to believe they will "secret[] away" and "hid[e]" the goods if given notice of a hearing before a temporary restraining order issues. Doc. 4-2 at 2-3. Even if there were a link between stonewalling a vetting process and hiding a batch of Defendants' goods, it is not clear why Plaintiff fears the "secret[ing] away" and "hid[ing]" of such goods. After all, it is precisely the distribution of these goods that Plaintiff asks the Court to restrain. Counsel's Declaration does not offer a compelling reason "why [notice] should not be required."

IT IS THEREFORE ORDERED that Plaintiff's request for a temporary restraining order, without notice, is denied.

IT IS FURTHER ORDERED that Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction Regarding Trademark, Service Mark and Copyright Infringement (Doc. 4) is set for a hearing on **Monday, October 6,**

**2014 at 4:00 p.m.**, Courtroom 504, Sandra Day O'Connor U. S. Courthouse, 401 West Washington, Phoenix, Arizona 85003.

IT IS FURTHER ORDERED that Plaintiff shall give Defendants actual notice of its Application for Temporary Restraining Order and Motion for Preliminary Injunction Regarding Trademark, Service Mark and Copyright Infringement (Doc. 4), whether by service of process or not, no later than 5 p.m. on October 3, 2014.

Dated this 1st day of October, 2014.

_____
Neil V. Wake
United States District Judge